D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**CHRISTIAN ZAMBRANO,**

              **Plaintiff,**

     **v.**

**OLIVOS NY, LLC, and RAKESH CHADHA**

              **Defendants.**
--------------------------------------------------------x

**COMPLAINT**

**CASE NO.:**

Plaintiff CHRISTIAN ZAMBRANO alleges as follows:

**JURISDICTION AND VENUE**

    1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

    3.    All Defendants are hereinafter collectively referred to as "Defendants."

1

4.     Defendant OLIVOS NY, LLC owns and operates Olivos Mediterranean Café a& Grill in Roosevelt Mall, Nassau County.

5.     Upon information and belief, BG Bar Inc. has annual gross volume of sales in excess of $500,000.

6.     Defendant Rakesh Chadha owns and manages Olivos Mediterranean Café & Grill.

7.     Defendant Chadha is responsible for personnel hires, their rates of pay and their scheduling.  For example, Mr. Chadha dictated Plaintiff's schedule, his rates of pay, and terminated his employment.

8.     Plaintiff worked for Defendant as a server from November 2019 until July 2021, excluding mid-March 2020-July 2020 when the restaurant was closed for Covid precautions.

**FACTS**

**<u>Wage and Hour Allegations</u>**

9.     Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

10.     Defendants knew that nonpayment of the overtime premium would economically injure Plaintiff and violated federal and state laws.

11.     Prior to March 2020, Plaintiff worked 5-6 days per week.  Plaintiff regularly worked more than 40 hours.  His shifts were as follows:

- Sundays- 12:00 p.m.-8:30 p.m.
- Tuesdays-10:00 a.m.-3:00 p.m.
- Wednesdays-10:30 a.m.-9:00 p.m.
- Thursdays-10:00 a.m.-3:00 p.m.
- Fridays- 1:00 p.m.-10:30 p.m.
- Saturdays-1:00 p.m.-10:30 p.m.

12.     From July 2020 until November 2020, Plaintiff worked from 10:30 a.m. until at least 7:30 p.m. five days per week.

13.     From December 2020 and on, Plaintiff worked 6-7 days per week.   Plaintiff started every day at 10:30 a.m. and worked until closing, which would be at about 7:00 p.m. Sundays, 8:00 p.m. Monday through Thursday, and 9:00 p.m. on Fridays and Saturdays

14.     Defendant never paid Plaintiff an overtime premium for hours that Plaintiff worked in excess of 40 per workweek.  Instead, Defendants gave Plaintiff a weekly paystub with his pay covering his regular wages for 40 hours and an envelope containing "straight pay," *i.e.,* not at his overtime rate, for hour worked in excess of 40.

15.     Plaintiff paid Plaintiff less than minimum wage and was not entitled to any tip credit because, (a) Plaintiff was never given proper notice any tip credit, and (b) Plaintiff regularly spent 2 hours a day doing non-tipped work, such as polishing silverware, preparing garnishes, polishing glasses and mopping the restaurant's floor.

16.     Defendants did not pay Plaintiff New York's "spread of hours" premium when Plaintiff's shifts lasted longer than ten (10) hours.

17.     Defendants did not give Plaintiff a notice and acknowledgment of payrate form when he was hired.

18.     Plaintiff's weekly pay stubs did not include the hours that he worked in excess 40, and thus did not state Plaintiff's actual hours worked.

**Retaliation Allegations**

19.     On July 5, 2021, Defendant Chadha was upset with Plaintiff because the kitchen staff at Olivos did not arrive at work.  (It was a legal holiday and the staff was apparently protesting that the restaurant was open).  Defendant Chadha berated Plaintiff, blaming him for this, even though it was plainly not Plaintiff's fault, and Plaintiff had actually come to work that day.

20.     In addition to defending himself, Plaintiff complained to Defendant Chadha that Defendants failed to properly pay him for overtime.  Defendant Chadha became even more irate, yelling at Plaintiff. "You don't know who I am, what I can do to you."  Shortly thereafter, Defendant Chadha told Plaintiff to leave the store and that he was terminated immediately.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)

21.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

22.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

23.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

24.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

25.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

27.    At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

28.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

29.    Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**

30.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31.    Defendants knowingly and willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

32.    As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L.**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

33.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

35.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

36.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38.     Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

39.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
### N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     Plaintiff had workdays that lasted more than ten (10) hours.

42.     Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

43.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(FLSA Retaliation Violations, 29 U.S.C. § 215)**

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45.     In violation of 29, U.S.C. § 215, Defendants intentionally and willfully retaliated against Claimant's complaint of wage and hour and tip misappropriation misconduct.

46.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

47.     As a direct and proximate result of Defendants' unlawful conduct, Claimant has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Claimant's good name and reputation, lasting embarrassment, and humiliation.

48.     As a result of Defendants' unlawful conduct, Claimant is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as is deemed just and proper.

## EIGHTH CLAIM FOR RELIEF
### (New York Labor Law § 215)

49.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50.     In violation of New York Labor Law § 215, Defendants intentionally and willfully retaliated against Plaintiff's complaint of wage and hour, tip misappropriation, and wage statement misconduct.

51.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

52.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

53.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as is deemed just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B.     Penalties available under applicable laws;

C.   An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

D.   Costs of action incurred herein, including expert fees;

E.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

F.   Pre-judgment and post-judgment interest, as provided by law; and

G.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  New York, New York
        September 3, 2021

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:
*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

9